1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

KEITH MILES,

                Plaintiff,

    v.

KERNAN, et al.,

                Defendants.

**Case No. 1:18-cv-01211-SKO (PC)**

**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**

**(Doc. 1)**

**TWENTY-ONE (21) DAY DEADLINE**

Plaintiff, Keith Miles, is a state prisoner proceeding *pro se* and *in forma pauperis* in this action under 42 U.S.C. § 1983. Pursuant to the Prison Litigation Reform Act of 1995 ("the PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516 (2002), regardless of the relief sought by the prisoner or offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

In his Complaint, Plaintiff alleges that his safety is in jeopardy because, in January of 2019, Avenal State Prison ("ASP") general population and protective custody/sensitive needs yard inmates will be "force-integrated." (Doc. 1, p. 3.) Plaintiff checked the boxes on the form

complaint indicating that administrative remedies are available and that he submitted one on the claims raised in this action. (*Id.*) However, Plaintiff indicates that he did not appeal it to the highest level because it "was rejected at the 1st level for bogus reason, stating, 'You (sic) appeal concerns an anticipated action or decision' while at the same time sending [Plaintiff] a CDCR memo from 2017 indicating it was already underway. Rejected appeals cannot proceed to a higher level, and are therefore exhausted." (*Id.*)

Plaintiff's allegation that rejected appeals are exhausted because they cannot proceed to a higher level is incorrect as rejected grievances do not suffice for exhaustion purposes. Procedures exist for inmates to appeal rejection of a grievance. *See* 15 CCR § 3084.6(a)(1). Further, although Plaintiff alleges that the rejection was for "bogus reasons," section 3084.6(b)(1) provides for rejection of a grievance that concerns an anticipated action or decision—which is precisely what Plaintiff alleges occurred with his grievance. Plaintiff does not attach any document that shows forced integration "was already underway" when he filed his grievance which allegedly jeopardized his safety. If forced integration which amounted to a violation of Plaintiff's constitutional rights was already occurring at ASP, Plaintiff could have and should have taken steps to appeal the rejection of his grievance. *See* 15 CCR § 3084.6(a)(1). The Court notes that in section "4. Injury," Plaintiff states that implementation of forced-integration at ASP in "January 2019" will force him to live under a constant threat of assault at the hands of other inmates. (Doc. 1, p. 3.) It therefore appears that the circumstances of which Plaintiff complains have not yet occurred and will not even begin to occur at ASP until January of 2019.[1]

Thus, it is not apparent from the face of the Complaint that Plaintiff's grievance was wrongly rejected to render the process "effectively unavailable" to Plaintiff. *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) ("[I]mproper screening of an inmate's administrative

---

[1]It also appears that Plaintiff does not meet the "injury in fact" showing for Article III standing. *See In re Zappos.com, Inc*., 888 F.3d 1020, 1025 (9th Cir. 2018) (Merely "an objectively reasonable likelihood" of injury is insufficient). If Plaintiff can show that he complied with the requirements and exhausted the available procedures on the issues raised in this action, he will also be required to show that he has Article III standing to proceed. Article III standing via an actual case or controversy is a jurisdictional requirement of federal suit. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006).

2

grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA.  If prison officials screen out an inmate's appeals for improper reasons, the inmate cannot pursue the necessary sequence of appeals, and administrative remedies are therefore plainly unavailable.")  Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."  *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).  Inmates must adhere to the "critical procedural rules" specific to CDCR's process.  *Reyes v. Smith,* 810 F.3d 654, 567 (9th Cir. 2016).  Thus, Plaintiff's apparent premature submission of a grievance does not suffice for purposes of compliance with the PLRA.  It appears Plaintiff filed suit without first exhausting available administrative remedies in compliance with section 1997e(a).  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to non-exhaustion is a valid ground for dismissal. . . .").

Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit.  **Plaintiff is warned that failure to timely respond to this order will result in recommendation that this action be dismissed for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **September 26, 2018**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE